# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

VERNON ESTEVE                                   CIVIL ACTION

VERSUS                                          NO. 15-787

N. BURL CAIN                                    SECTION "G"(4)

## ORDER AND REASONS

Before the Court are Petitioner Vernon Esteve's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief: (1) the State suppressed evidence in violation of *Brady v. Maryland*; (2) the State allowed perjured testimony to go uncorrected; (3) insufficient evidence supported Petitioner's conviction; (4) insufficient evidence supported the habitual offender adjudication; (5) ineffective assistance of trial counsel; (6) ineffective assistance of appellate counsel; and (7) the trial court erred in allowing the prosecution to introduce hearsay evidence of the pharmacy logs in violation of Petitioner's Sixth Amendment right to confrontation.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice, finding that Petitioner was procedurally barred from raising his sufficiency of the evidence claims and that all of the other claims lacked merit.[3] Petitioner objects to the Magistrate's recommendation.[4] After reviewing the petition, the Magistrate Judge's Report

---

[1] Rec. Doc. 16.

[2] Rec. Docs. 3, 4.

[3] Rec. Doc. 15.

[4] Rec. Doc. 16.

and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will sustain Petitioner's objections to the extent that he objects to the Magistrate Judge's determination that his claim that there is insufficient evidence to support his conviction is procedurally defaulted and overrule Petitioner's objections in all other respects. Accordingly, the Court will reject the Report and Recommendation to the extent it recommends that the Court find that Petitioner is procedurally barred from raising a claim that there is insufficient evidence to support his conviction, adopt the Report and Recommendation in all other respects, and dismiss the petition with prejudice.

## I. Background

### A.    *Factual Background*

On January 25, 2010, Petitioner was charged by Bill of Information in the 22nd Judicial District Court for the Parish of St. Tammany with one count of creation or operation of a clandestine laboratory for the unlawful manufacturing of methamphetamine and one count of possession of methamphetamine.[5] On March 2, 2011, following a one day trial, a jury found Petitioner guilty as charged.[6] On March 31, 2011, the trial court sentenced Petitioner to fifteen years imprisonment at hard labor as to Count 1 and five years imprisonment at hard labor as to Count 2.[7] On December 1, 2011, the trial court found Petitioner to be a multiple felony offender and resentenced him on Count 1 to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.[8]

---

[5] State Rec., Vol. I of IV, Felony Bill of Information, Jan. 25, 2010.

[6] State Rec., Vol. I of IV, Jury Verdict Form, Mar. 2, 2011.

[7] State Rec., Vol. I of IV, Sentencing Minutes, Mar. 31, 2011.

[8] State Rec., Vol. III of IV, Minute Entry, Dec. 1, 2011.

Petitioner appealed his conviction and sentence to the Louisiana First Circuit Court of Appeal, raising two errors: (1) the trial court erred by overruling Petitioner's objections to the admission of pharmacy logs purportedly detailing his purchase of pseudoephedrine; and (2) the trial court erred by failing to advise Petitioner of the time delays for filing for post-conviction relief.[9] On May 3, 2011, the Louisiana First Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[10] On November 2, 2012, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[11] Petitioner's conviction became final 90 days later, on January 31, 2013, when the time expired for him to file a writ of certiorari to the United States Supreme Court.[12]

On August 21, 2013, Petitioner filed an application for post-conviction relief with the state trial court, raising the following grounds for relief: (1) the prosecution suppressed evidence in violation of *Brady v. Maryland*; (2) the prosecution allowed perjured testimony to go uncorrected; (3) insufficient evidence supported Petitioner's conviction; (4) insufficient evidence supported Petitioner's habitual offender adjudication; (5) ineffective assistance of trial counsel; and (6) ineffective assistance of appellate counsel.[13] The trial court denied the application on September 23, 2013, finding that both claims regarding insufficiency of the evidence were not proper grounds for post-conviction relief under Louisiana Code of Criminal Procedure article 930.3 and that all of the other claims were meritless.[14] On March 21, 2014, the Louisiana First Circuit denied

---

[9] State Rec., Vol. IV of IV, Appellate Brief, Nov. 7, 2011.

[10] *State v. Esteve*, 2011-KA-1889 (La. App. 1 Cir. 5/3/12); 92 So. 3d 1058.

[11] *State v. Esteve*, 2012-K-1214 (La. 11/2/12); 99 So. 3d 663.

[12] *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

[13] State Rec., Vol. III of IV, Application for Post-Conviction Relief, Aug. 21, 2013.

[14] State Rec., Vol. III of IV, Reasons for Judgment, Sept. 23, 2013.

Petitioner's related writ application without stated reasons.[15] The Louisiana Supreme Court also denied relief without stated reasons on February 13, 2015.[16]

Petitioner filed this federal habeas petition on March 20, 2015,[17] and he filed an amended petition the same day.[18] Petitioner raises the following grounds for relief: (1) the State suppressed evidence in violation of *Brady v. Maryland*; (2) the State allowed perjured testimony to go uncorrected; (3) insufficient evidence supported Petitioner's conviction; (4) insufficient evidence supported the habitual offender adjudication; (5) ineffective assistance of trial counsel; (6) ineffective assistance of appellate counsel; and (7) the trial court erred in allowing the prosecution to introduce hearsay evidence of the pharmacy logs in violation of Petitioner's Sixth Amendment right to confrontation.[19] The State filed a response, arguing that two of Petitioner's claims are procedurally defaulted and that all of Petitioner's claims lack merit.[20]

## B.     *Report and Recommendation Findings*

The Magistrate Judge recommended that the petition be dismissed with prejudice.[21] The Magistrate Judge found that Petitioner was procedurally barred from raising his claims that there was insufficient evidence to support his conviction and his habitual offender adjudication.[22] The Magistrate Judge noted that the state trial court relied on Louisiana Code of Criminal Procedure

---

[15] *State v. Esteve*, 2013-KW-1999 (La. App. 1 Cir. 3/21/14); State Rec. Vol. IV of IV.

[16] *State ex rel. Esteve v. State*, 2014-KH-722 (La. 2/13/15); 158 So. 3d 831.

[17] Rec. Doc. 3.

[18] Rec. Doc. 4.

[19] Rec. Docs. 3, 4.

[20] Rec. Doc. 14.

[21] Rec. Doc. 15.

[22] *Id.* at 7–13.

article 930.3 to find that these claims were not proper grounds for post-conviction relief.[23] The Magistrate Judge cited a Fifth Circuit opinion holding that Louisiana Code of Criminal Procedure article 930.3 is an independent and adequate state law ground for dismissal of a claim which bars review of similar claims by the federal courts in a habeas corpus proceeding.[24] Therefore, the Magistrate Judge concluded that Petitioner was procedurally barred from raising these claims unless he could show cause for his default and prejudice attributed thereto, or, alternatively, if Petitioner could demonstrate that the federal court's failure to review the claims will result in a fundamental miscarriage of justice.[25]

The Magistrate Judge noted that Petitioner alleged that his appellate counsel was ineffective.[26] However, because the record did not support a finding of ineffective assistance of appellate counsel, the Magistrate Judge determined that Petitioner had not established cause for the procedural default.[27] Because Petitioner had failed to show cause for his procedural default, the Magistrate Judge did not reach the issue of whether prejudice existed.[28] Although Petitioner argued that he was innocent of the crime, the Magistrate Judge found that Petitioner had not produced any evidence to support his actual innocence on the underlying conviction or the multiple offender adjudication.[29] Therefore, the Magistrate Judge determined that Petitioner had not established that failure to review these claims would result in a fundamental miscarriage of

---

[23] *Id.* at 10.

[24] *Id.* (citing *Hull v. Stalder*, 234 F.3d 706 (5th Cir. 2000)).

[25] *Id.* at 11.

[26] *Id.* at 12.

[27] *Id.*

[28] *Id.* (citing *Ratcliff v. Estelle*, 597 F.2d 474, 477 (5th Cir. 1979)).

[29] *Id.* at 13.

justice.[30] Accordingly, the Magistrate Judge recommended that the Court dismiss Petitioner's claims regarding sufficiency of the evidence because they are procedurally barred.[31]

Next, the Magistrate Judge addressed the merits of Petitioner's claim that the State failed to comply with the requirements of *Brady v. Maryland* by failing to disclose to the defense information obtained during an investigation of Mary Boyd for conduct related to the crimes for which Petitioner was convicted.[32] Specifically, Petitioner argued that an interview of Boyd's son was favorable to his defense because the child only mentioned his mother in describing the production of methamphetamine.[33] The Magistrate Judge noted that the state trial court found that this information was available to the defense, and Petitioner had not made any showing to rebut the state court's finding.[34] Even assuming that the information was not available to the defense, the Magistrate Judge found that Petitioner had not shown that the evidence was material, because the child's interview only served to inculpate his mother, who had already pled guilty to the crime, not to exculpate Petitioner.[35] Furthermore, the Magistrate Judge noted that a narcotics officer, who testified at Petitioner's trial, offered testimony establishing that it is helpful to have more than one person assisting in the methamphetamine production process.[36] Therefore, the Magistrate Judge found that Petitioner had not shown that Boyd's son's interview was material under *Brady*.[37]

---

[30] *Id.*

[31] *Id.*

[32] *Id.* at 16–18.

[33] *Id.* at 16.

[34] *Id.*

[35] *Id.* at 17.

[36] *Id.* at 18.

[37] *Id.*

The Magistrate Judge also rejected Petitioner's claim that the State allowed its witness, Mary Boyd, to give false, perjured testimony at trial.[38] Petitioner argued that Boyd testified falsely when she stated that she had not gone to Wal-Mart on the day of her arrest and that she did not throw any evidence out of the window.[39] Petitioner asserted that these statements were false because an officer testified that he had followed Boyd to Wal-Mart, and Boyd's son stated in an interview that he saw Boyd throw something out of the window.[40] The Magistrate Judge noted that the state trial court denied this claim, finding that Boyd was available for cross-examination on these alleged falsehoods, and that it was the jury's duty to weigh the credibility of the witnesses.[41] The Magistrate Judge found this claim unavailing because Petitioner had not shown that the testimony was false, and even if the statements were false they were of little relevance to the issue of Petitioner's guilt or innocence.[42] Moreover, the Magistrate Judge noted that the allegedly false statements were elicited during cross-examination by the defense and were part of the defense's strategy to undermine Boyd's credibility.[43] Therefore, the Magistrate Judge recommended that the Court dismiss this claim because Petitioner failed to show that his due process rights were violated by prosecutorial misconduct.[44]

---

[38] *Id.* at 18–20.

[39] *Id.* at 18.

[40] *Id.*

[41] *Id.*

[42] *Id.* at 19–20.

[43] *Id.* at 20.

[44] *Id.*

Next, the Magistrate Judge found Petitioner's ineffective assistance of trial counsel claims without merit.[45] Specifically, Petitioner asserted that he received ineffective assistance of trial counsel when trial counsel: (1) failed to investigate and obtain medical documents, which would prove he had nose surgery and would explain the reason he had pseudoephedrine in his possession; (2) failed to subpoena the officer who allegedly saw the evidence thrown out the window by Mary Boyd; (3) failed to subpoena Mary Boyd's son; and (4) abandoned Petitioner after the habitual offender adjudication and failed to protect Petitioner's appeal right.[46] The Magistrate Judge noted that the alleged medical records were not part of the state court record, and there was no way to know if they exist or what they contain.[47] Therefore, the Magistrate Judge found that Petitioner had not demonstrated that the state trial court unreasonably denied him relief on this claim.[48] The Magistrate Judge rejected Petitioner's claim that his trial counsel performed ineffectively in failing to subpoena the officer or Mary Boyd's son because Petitioner had not presented any evidence that their proposed testimony would support his defense.[49] The Magistrate Judge also rejected Petitioner's claim that his trial counsel abandoned him by not appealing his habitual offender adjudication, because Petitioner had not shown a reasonable probability of success on the merits of such a claim.[50]

---

[45] *Id.* at 20–24.

[46] *Id.* at 20–21.

[47] *Id.* at 23.

[48] *Id.*

[49] *Id.* at 23–24.

[50] *Id.* at 24.

The Magistrate Judge also found Petitioner's ineffective assistance of appellate counsel claims without merit.[51] Petitioner asserted that he received ineffective assistance of appellate counsel when appellate counsel: (1) failed to raise a claim of insufficient evidence; (2) failed to raise a claim of ineffective assistance of trial counsel; and (3) failed to challenge the habitual offender adjudication.[52] The Magistrate Judge determined that Petitioner had not shown any basis for these proposed claims to succeed on appeal, and so it was not ineffective for his appellate counsel to fail to raise these claims.[53]

Finally, the Magistrate Judge addressed Petitioner's claim that the trial court erred by denying Petitioner his Sixth Amendment right to confront his accuser by introducing hearsay evidence in the form of transaction logs from two CVS pharmacies to show that Petitioner purchased quantities of pseudoephedrine from these stores.[54] The Magistrate Judge noted that the State called two pharmacists to testify regarding how the records were maintained.[55] On direct appeal, the Louisiana First Circuit found that the trial court had properly allowed the pharmacy logs to be admitted under the business records exception to the hearsay rule, and that the logs were not testimonial because they were not created for the primary purpose of proving or establishing a fact at trial.[56] The Magistrate Judge determined that this decision was not an unreasonable application of Supreme Court precedent, noting that the United States Fifth Circuit Court of Appeals recently held that the admission of pseudoephedrine purchase logs did not violate a

---

[51] *Id.* at 24–26.

[52] *Id.* at 24.

[53] *Id.* at 26.

[54] *Id.*

[55] *Id.*

[56] *Id.* at 26–27.

defendant's right to confront his accuser.[57] Therefore, the Magistrate Judge recommended that the petition be denied and dismissed with prejudice.[58]

## II. Objections

### A.  *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[59] First, Petitioner objects to the Magistrate Judge's determination that his insufficiency of the evidence claims are procedurally defaulted.[60] Petitioner contends that his insufficiency of the evidence claims are appropriately raised on collateral attack because post-conviction relief is concerned exclusively with constitutional violations.[61] Petitioner asserts that because there was insufficient evidence to support his conviction he has established his actual innocence.[62] Petitioner contends that he has established cause and prejudice for his procedural default because he requested that the state trial court provide him with a copy of the habitual offender transcript and time to supplement his argument thereon, and the trial court denied both motions.[63] Petitioner also asserts that he has shown that a fundamental miscarriage of justice will occur if the merits of these claims are not reviewed because he is innocent of the crimes.[64] Petitioner cites *Martinez v. Ryan* and *Trevino v. Thaler*, arguing that a procedural default may be excused if a habeas petitioner shows that the

---

[57] *Id.* at 27 (citing *United States v. Towns*, 718 F. 3d 404 (5th Cir. 2013)).

[58] *Id.* at 28.

[59] Rec. Doc. 16.

[60] *Id.* at 2.

[61] *Id.* at 3.

[62] *Id.*

[63] *Id.* at 3–4.

[64] *Id.* at 4.

default stemmed from ineffective assistance of counsel.[65] According to Petitioner, he requested counsel on post-conviction relief, and that request was denied.[66]

Second, Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his claim that the State suppressed evidence in violation of *Brady v. Maryland* by failing to disclose an interview of Mary Boyd's son.[67] He disputes the state trial court's finding that the document was produced to the defense in open file discovery.[68] He contends that he was not given an opportunity to show that this document was not produced because post-conviction counsel was not appointed and an evidentiary hearing was not conducted.[69] Furthermore, Petitioner asserts that the evidence was material because Boyd's son did not implicate anyone except his mother in the manufacturing of methamphetamine.[70] Petitioner disputes the Magistrate Judge's statement that manufacturing methamphetamine usually requires multiple people, arguing that methamphetamine can be produced by only one person using the "shake and bake" method.[71]

Third, Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his claim that the State allowed its witness, Boyd, to give perjured testimony at trial.[72] Petitioner argues that it was the State's duty to correct Boyd's statements, regardless of the fact that she was cross examined on these facts.[73]

---

[65] *Id.* at 5.

[66] *Id.*

[67] *Id.*

[68] *Id.* at 6.

[69] *Id.*

[70] *Id.* at 7.

[71] *Id.*

[72] *Id.* at 8.

[73] *Id.* at 9–10.

Fourth, Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims.[74] Petitioner asserts that his trial counsel's inaction amounted to incompetence.[75] Petitioner avers that his trial counsel failed to examine Petitioner's medical records and failed to subpoena a detective and Boyd's son.[76] Petitioner also asserts that his trial counsel abandoned him after filing his direct appeal by failing to appeal his habitual offender adjudication.[77] Petitioner argues that he is not a lawyer and, therefore, is not capable of demonstrating that preserving his right to appeal the habitual offender adjudication would have created a reasonable probability of success on the merits.[78] Moreover, Petitioner argues that the state trial court denied his request for a transcript of the habitual offender adjudication, and without the transcript he was unable to adequately prepare this claim.[79]

Finally, Petitioner objects to the Magistrate Judge's determination that the Louisiana First Circuit's decision that the trial court properly allowed the introduction of the pharmacy logs at trial was not an unreasonable application of Supreme Court precedent.[80] Petitioner asserts that he disagrees with this finding, but he does not provide a basis for this objection.[81]

---

[74] *Id.* at 10.

[75] *Id.* at 11.

[76] *Id.* at 11–12.

[77] *Id.* at 12.

[78] *Id.*

[79] *Id.* at 12–13.

[80] *Id.* at 14.

[81] *Id.*

## B. State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

## A. Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[82] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[83] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[84]

## B. Standard of Review Under the AEDPA

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[85] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[86] A state court's determinations on mixed questions of law and fact or pure

---

[82] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[83] Fed. R. Civ. P. 72(b)(3).

[84] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428−29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[85] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[86] 28 U.S.C. § 2254(d)(2).

issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[87]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[88]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[89] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[90]

However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[91] Instead, claims that were not adjudicated on the merits by the state courts are reviewed "*de novo* without applying AEDPA-mandated deference."[92]

---

[87] 28 U.S.C. § 2254(d)(1).

[88] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[89] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[90] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[91] *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[92] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (citing *Henderson*, 333 F.3d at 597).

### IV. Law and Analysis

**A.** **_Sufficiency of the Evidence to Support the Conviction_**

Petitioner objects to the Magistrate Judge's determination that Petitioner is procedurally barred from asserting a claim that there was insufficient evidence to support his conviction.[93] Petitioner contends that sufficiency of the evidence claims are appropriately raised on collateral attack because post-conviction relief is concerned exclusively with constitutional violations.[94] Accordingly, the Court reviews this issue _de novo_.[95]

#### 1.     Procedural Default

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[84] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal habeas review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[85]

The Fifth Circuit has "recognized that in order to fulfill the independence requirement, the last state court rendering a judgment must 'clearly and expressly' indicate that its judgment rests on a state procedural bar."[96] In the last reasoned opinion on this issue, the state trial court relied on Louisiana Code of Criminal Procedure article 930.3 to find that Petitioner's claims regarding

---

[93] Rec. Doc. 16 at 2.

[94] _Id._ at 3.

[95] Fed. R. Civ. P. 72(b)(3).

[84] _Finley v. Johnson_, 243 F.3d 215, 218 (5th Cir. 2001) (citing _Coleman v. Thompson_, 501 U.S. 722 (1991)).

[85] _Hughes v. Johnson_, 191 F.3d 607, 614 (5th Cir. 1999) (citing _Coleman_, 501 U.S. at 750).

[96] _Glover v. Cain_, 128 F.3d 900, 902 (5th Cir. 1997) (quoting _Amos v. Scott_, 61 F.3d 333, 338 (5th Cir.1995)).

sufficiency of the evidence to support his conviction was not a proper ground for post-conviction relief.[97] Therefore, the independence requirement is satisfied.

The state procedural rule also must be adequate.[98] "An adequate rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims."[99] "An important consideration in determining whether an adequate state law ground exists is the application of the state law ground to identical or similar claims."[100] "If the state law ground is not firmly established and regularly followed, there is no bar to federal review and a federal habeas court may go to the merits of the claim."[101]

Louisiana Code of Criminal Procedure article 930.3 limits the grounds on which a prisoner may seek post-conviction relief in the Louisiana state courts.[102] Article 930.3(1) provides that a prisoner may seek post-conviction relief in the Louisiana state courts if "[t]he conviction was obtained in violation of the constitution of the United States or the state of Louisiana." The Louisiana Supreme Court has held that "since a conviction based upon insufficient evidence is a violation of constitutionally guaranteed due process, such an assignment may be raised in a post-conviction proceeding."[103] Therefore, Petitioner's claim that there was insufficient evidence to support his conviction was not procedurally barred pursuant to a firmly established and regularly

---

[97] State Rec. Vol. III of IV, Reasons for Judgment, Sept. 23, 2013.

[98] *Glover*, 128 F.3d at 902.

[99] *Id.* (citing *Amos*, 61 F.3d at 338).

[100] *Rosales v. Dretke*, 444 F.3d 703, 707 (5th Cir. 2006) (citing *Amos*, 61 F.3d at 338)).

[101] *Id.* (citing *Barr v. Columbia*, 378 U.S. 146, 149 (1964)).

[102] *Allen v. Vannoy*, 659 F. App'x 792, 808 (5th Cir. 2016).

[103] *State ex rel. Ferrand v. Blackburn*, 414 So. 2d 1207 (La. 1982). *See also State v. Costillo*, 448 So. 2d 238, 240 (La. App. 4 Cir. 1984).

followed rule.[104] Accordingly, the Court must consider the merits of Petitioner's claim that there was insufficient evidence to support his conviction.[105]

### 2.    Merits of the Claim

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[106] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[107]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[108] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[109]

Petitioner was convicted of creation or operation of a clandestine laboratory for the unlawful manufacturing of methamphetamine in violation of Louisiana Revised Statute § 40:983.[110] Section 40:983(B) provides that "[i]t shall be unlawful for any person to knowingly or intentionally create or operate a clandestine laboratory for the unlawful manufacture of a

---

[104] *Rosales*, 444 F.3d at 707.

[105] *Id.*

[106] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[107] *Id.* at 319 (emphasis in original) (internal quotation marks and citations omitted).

[108] *Id.*

[109] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (internal quotation marks and citations omitted).

[110] *State v. Esteve*, 2011-KA-1889 (La. App. 1 Cir. 5/3/12); 92 So. 3d 1058.

controlled dangerous substance." One may commit the offense of creation or operation of a clandestine laboratory through "[t]he purchase, sale, distribution, or possession of any material, compound, mixture, preparation, supplies, equipment, or structure with the intent that it be used for the unlawful manufacture of a controlled dangerous substance."[111] Petitioner was also convicted of possession of methamphetamine in violation of Louisiana Revised Statute § 40:967.[112] Under Louisiana law, possession can be actual or constructive.[113] "Actual possession amounts to physical custody of the object. Constructive possession is when the object is not in the person's physical custody, but is under his dominion and control such that he has the ability to reduce the object to actual possession."[114]

At Petitioner's trial, the evidence established that on November 18, 2009, the police received a tip from a Wal-Mart loss prevention officer that customers might be involved in the production of methamphetamine.[115] Based on that tip, Officer Christopher Comeaux and Detective Brian Brown made visual contact with the vehicle that had been described to them by the loss prevention officer, and they followed it to a residence.[116] The officers approached a small child who was playing in the front yard of the residence, and they asked him to get his mother.[117] The child retrieved his mother, Mary Boyd, from the residence, and the officers asked her to have all

---

[111] La. Rev. Stat. § 40:983(A)(1).

[112] *Esteve*, 92 So. 3d at 1058.

[113] *See State v. Trahan*, 425 So.2d 1222, 1226 (La.1983).

[114] *Id.*

[115] *Id.* at 1060.

[116] *Id.*

[117] *Id.*

of the occupants of the residence step out into the front yard.[118] Mary Boyd retrieved Shawna Evans and Petitioner from the house.[119] Detective Brown advised Officer Comeaux that he had witnessed something being tossed out of the rear of the residence, and he found a wadded-up ball of coffee filters, which contained methamphetamine.[120] Based on this evidence, the officers obtained a search warrant, and "narcotics agents recovered a Barq's soda bottle containing a white liquid, a new-in-the-box blender, numerous pieces of aluminum foil, coffee filters, Liquid Fire brand sulfuric acid, lithium batteries, and several containers of salt."[121] At trial, Officer Comeaux testified that these items are used as ingredients in the process of manufacturing methamphetamine.[122] At trial, Mary Boyd testified that Petitioner was involved in the manufacturing of the methamphetamine with her.[123] Additionally, the State introduced evidence that Petitioner made six purchases of products containing pseudoephedrine, one of the ingredients used in the manufacture of methamphetamine, within a three and one-half month period.[124]

Therefore, the elements of the crimes were established through the testimony of the police officers, Boyd's testimony, and supporting evidence. The crux of Petitioner's argument regarding his insufficiency of the evidence claim hinges on Mary Boyd's credibility. Petitioner asserts that he was not involved in the production of methamphetamine and, instead, was at Mary Boyd's

---

[118] *Id.*

[119] *Id.*

[120] *Id.* At trial, the parties stipulated that the substance was methamphetamine. *Id.* at 1060 n.2.

[121] *Id.* at 1060–61.

[122] *Id.* at 1061.

[123] *See* State Rec., Vol. II of IV, Trial Transcript at 342.

[124] *Id.* at 360–65.

home to work on a vehicle.[125] Petitioner avers that "there was no evidence to show that Petitioner had any connection to any of the items found in the search of Mary Boyd's car or house, other than the self-serving testimony of Mary Boyd."[126] As the Supreme Court has recognized "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[127] Petitioner contends that his trial counsel "effectively cast doubt on [Boyd's] credibility by placing before the jury evidence that [Boyd] had repeatedly lied in the past and had a motive to lie at trial."[128] However, on habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[129] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict was irrational.[130] Accordingly, the Court finds that Petitioner has not established that he is entitled to relief on this claim.

## B.  *Sufficiency of the Evidence to Support the Habitual Offender Adjudication*

Petitioner also objects to the Magistrate Judge's determination that Petitioner is procedurally barred from asserting his claim that there was insufficient evidence to support the habitual offender adjudication.[131] Accordingly, the Court reviews this issue *de novo*.[132]

Louisiana courts have consistently held that claims challenging the sufficiency of the evidence to support a habitual offender adjudication are not appropriate for consideration on post-

---

[125] Rec. Doc. 3 at 21.

[126] *Id.*

[127] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[128] Rec. Doc. 3 at 22.

[129] *Knox v. Butler,* 884 F.2d 849, 851–52 (5th Cir. 1989).

[130] *Jackson*, 443 U.S. at 319.

[131] Rec. Doc. 16 at 2.

[132] Fed. R. Civ. P. 72(b)(3).

conviction relief in state court under Louisiana Code of Criminal Procedure article 930.3.[133]

Moreover, the Fifth Circuit has found that Article 930.3 is an independent and adequate state law

ground for dismissal of a claim when it is correctly applied.[134] Therefore, Petitioner is procedurally

barred from raising the claim that there was insufficient evidence to support his habitual offender

adjudication unless he can show cause for his default and prejudice attributed thereto, or,

alternatively, if Petitioner can demonstrate that this Court's failure to review the claims will result

in a fundamental miscarriage of justice.[135]

### 1. Cause and Prejudice

"To establish cause for a procedural default, there must be something external to the

petitioner, something that cannot fairly be attributed to him."[136] A showing of ineffective

assistance of counsel may be one such external factor.[137] "Attorney error short of ineffective

assistance of counsel, however, does not constitute cause and will not excuse a procedural

default."[138]

Petitioner argues that his procedural default may be excused because his appellate counsel

performed ineffectively in failing to raise the claim on direct appeal.[139] However, for the reasons

---

[133] *See State ex rel. Nicholas v. State*, 15-1060 (La. 4/22/16); 192 So.3d 729 (citing *State v. Hebreard*, 98-0385 (La. App. 4 Cir. 3/25/98); 708 So.2d 1291). *See also State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96); 665 So.2d 1172.

[134] *Allen v. Vannoy*, 659 F. App'x 792, 809 (5th Cir. 2016) (citing *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. 2000)).

[135] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[136] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[137] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).

[138] *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).

[139] Rec. Doc. 16 at 10. Petitioner cites *Martinez v. Ryan* and *Trevino v. Thaler* in support of this assertion. *Id*. at 5. However, these cases are inapplicable here. In *Martinez v. Ryan*, the Supreme Court held that ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. 566 U.S. 1, 17 (2012). In *Trevino v. Thaler*, the Supreme Court held that *Martinez* applies where "the [state] procedural system—as a matter of its structure, design, and operation—does not

discussed *infra*, regarding the merits of Petitioner's ineffective assistance of appellate counsel claims, Petitioner has not demonstrated that he received ineffective assistance of appellate counsel, and a meritless ineffective assistance of counsel claim does not constitute cause for Petitioner's procedural default.[140]

Petitioner also contends that he has established cause for his procedural default because he requested that the state trial court provide him with a copy of the habitual offender transcript and time to supplement his argument thereon, and the trial court denied both motions.[141] The Court finds this argument unavailing. The state trial court relied on Louisiana Code of Criminal Procedure article 930.3 to find that Petitioner's insufficiency of the evidence claims were not proper grounds for post-conviction relief.[142] Therefore, Petitioner would have been barred from raising these claim, regardless of whether he had been provided with a copy of the habitual offender transcript, and the trial court's alleged failure to provide Petitioner with a copy of the habitual offender transcript does not establish cause for his procedural default.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."[143] Because Petitioner has failed to

---

offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal." 133 S.Ct. 1911, 1921 (2013). The Fifth Circuit has recognized that *Martinez* creates a "'narrow exception' that applies only with respect to 'cause for a prisoner's procedural default of a claim of ineffective assistance at trial.'" *Prystash v. Davis*, 854 F.3d 830, 836 (5th Cir. 2017). Petitioner's sufficiency of the evidence claims are procedurally defaulted, not his ineffective assistance of trial counsel claims. Therefore, *Martinez* and *Trevino* are not applicable here.

[140] *Romero*, 961 F.2d at 1183.

[141] Rec. Doc. 16 at 3–4.

[142] State Rec., Vol. III of IV, Reasons for Judgment, Sept. 23, 2013.

[143] *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (internal citation omitted).

show an objective cause for his default, the Court need not determine whether prejudice existed.[144] However, even if Petitioner could establish cause for his default, he has failed to show any "actual prejudice."[145] To show actual prejudice, Petitioner must prove that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[146] Petitioner argues that there was insufficient evidence to support his habitual offender adjudication because "there is no evidence to support the life sentence."[147] However, Petitioner cites to no specific ground to support his claim that the evidence was insufficient to support his multiple offender adjudication. The State introduced certified copies of the prior convictions into evidence and called Petitioner's probation officer and an expert in fingerprint analysis to testify at the multiple offender hearing.[148] Accordingly, federal habeas review is barred unless Petitioner demonstrates that a failure to address the claim will result in a fundamental miscarriage of justice.[149]

### 2. Fundamental Miscarriage of Justice

To establish a fundamental miscarriage of justice, a petitioner must provide the Court with evidence that would support a "colorable showing of factual innocence."[150] When the petitioner

---

[144] *Ratcliff v. Estelle*, 597 F.2d 474, 477–78 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681–82 (5th Cir. 1977)).

[145] *See Canales v. Stephens*, 765 F.3d 551, 562 (5th Cir. 2014).

[146] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 167 (1982)).

[147] Rec. Doc. 3 at 23.

[148] State Rec., Vol. III of IV, Minute Entry, Dec. 1, 2011.

[149] *Hughes*, 191 F.3d at 614.

[150] *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). *See also Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").

has not adequately asserted his actual innocence, the procedural default cannot be excused under the "fundamental miscarriage of justice" exception.[151] In the instant case, Petitioner asserts that he has shown that a fundamental miscarriage of justice will occur if the merits of these claims are not reviewed because he is innocent.[152] However, Petitioner has presented no evidence to show his actual innocence. Accordingly, on *de novo* review the Court concludes that Petitioner has failed to overcome the procedural bar to his claim that there is insufficiency evidence to support his habitual offender adjudication.

## C.    *Suppression of the Evidence*

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his claim that the State suppressed evidence in violation of *Brady v. Maryland* by failing to disclose an interview of Mary Boyd's son.[153] Because Petitioner objects to the Magistrate's recommendation, the Court reviews this issue *de novo*.[154]

In *Brady v. Maryland*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[155] The prosecutor's duty to provide favorable evidence includes impeachment evidence and exculpatory evidence.[156] The prosecutor's duty to disclose evidence includes both evidence in its own possession and any other "favorable evidence known to the others acting on the government's

---

[151] *See Golver v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997).

[152] Rec. Doc. 16 at 4.

[153] Rec. Doc. 16 at 5.

[154] Fed. R. Civ. P. 72(b)(3).

[155] 373 U.S. 83, 87 (1963).

[156] *United States v. Bagley*, 473 U.S. 667, 676 (1985).

behalf in the case, including the police."[157]

To prevail on a *Brady* claim, Petitioner must show: (1) the prosecutor suppressed evidence; (2) the evidence is favorable to the defense; and (3) the evidence is material to guilt or punishment.[158] "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."[159] "'The question is not whether the defendant would more likely than not have received a different verdict with the evidence,' or whether, 'after discounting the inculpatory evidence in light of the undisclosed evidence, there would not have been enough left to convict.'"[160] To succeed on a *Brady* claim, a defendant must "show[] that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict."[161]

On federal habeas review, the Court does not decide *de novo* whether a state prisoner has sufficiently proven a *Brady* violation.[162] Instead, the Court must determine "whether the state court's *Brady* determination resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law."[163] Therefore, on federal habeas review, a petitioner "must show that the prosecution's failure to disclose requested impeachment evidence constituted a violation of due process pursuant to *Brady*, and that the state court's application of *Brady* was

---

[157] *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

[158] *Brady*, 405 U.S. at 154.

[159] *United States v. Bagley*, 473 U.S. 667, 682 (1985).

[160] *Mahler v. Kaylo*, 537 F.3d 494, 500 (5th Cir. 2008) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)).

[161] *Kyles*, 514 U.S. at 435.

[162] *Dickson v. Quarterman*, 462 F.3d 470, 474 (5th Cir. 2006) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004)).

[163] *Id.* (quoting *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004)).

unreasonable."[164]

In the instant case, the state trial court rejected Petitioner's *Brady* claim, finding that Boyd's son's statement had been provided to the defense as part of open file discovery.[165] Petitioner disputes the state trial court's finding that the document was produced to the defense in open file discovery.[166] To prevail on a *Brady* claim, Petitioner must show that the prosecutor actually suppressed evidence, and he has failed to do so.

Furthermore, even assuming that the evidence was not disclosed to the defense, Petitioner has not shown that the evidence was material. Petitioner asserts that the evidence was material because Boyd's son did not implicate anyone except his mother in the manufacturing of methamphetamine.[167] However, Boyd's son's statement did not serve to exculpate Petitioner. Instead, the statement merely implicated Boyd, who had already pled guilty to the crime. Therefore, Petitioner has not demonstrated that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[168] Accordingly, on *de novo* review, the Court concludes that Petitioner is not entitled to relief, as he has not established that the state courts' denial of relief on this issue was contrary to or an unreasonable application of clearly established federal law.

**D.     State Allegedly Allowing Perjured Testimony to Go Uncorrected**

---

[164] *LaCaze v. Warden La. Corr. Inst. for Women*, 645 F.3d 728, 735 (5th Cir. 2011) (citing *Mahler v. Kaylo*, 537 F.3d 494, 499 (5th Cir. 2008)).

[165] State Rec., Vol. III of IV, Reasons for Judgment, Sept. 23, 2013.

[166] Rec. Doc. 16 at 6.

[167] *Id.* at 7.

[168] *Bagley*, 473 U.S. at 682.

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his claim that the State allowed its witness, Mary Boyd, to give perjured testimony at trial.[169] Because Petitioner objects to the Magistrate Judge's recommendation, the Court reviews this issue *de novo*.[170]

"A state denies a criminal defendant due process when it knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected."[171] In order to obtain relief on this issue, Petitioner must show that: "(1) the testimony was actually false, (2) the state knew it was false and (3) the testimony was material."[172] Evidence is considered "false" if it is "specific misleading evidence important to the prosecution's case in chief."[173] False evidence is "material" only "if there is any reasonable likelihood that it could have affected the jury's verdict."[174]

Petitioner argues that Boyd testified falsely when she stated that she had not gone to Wal-Mart on the day of her arrest and that she did not throw any evidence out of the window.[175] Petitioner asserted that these statements were false because an officer testified that he had followed Boyd to Wal-Mart, and Boyd's son stated in an interview that he saw Boyd throw something out of the window.[176] It is unclear that this testimony could be considered false because it does not

---

[169] Rec. Doc. 16 at 8.

[170] Fed. R. Civ. P. 72(b)(3).

[171] *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996) (citing *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959)).

[172] *Id.* (internal citations omitted).

[173] *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)).

[174] *Id.* (internal citations and brackets omitted).

[175] Rec. Doc. 16 at 8.

[176] *Id.* at 9.

appear that this testimony was "specific misleading evidence important to the prosecution's case in chief."[177] Furthermore, even assuming that the testimony was false, Petitioner has not demonstrated that there is any reasonable likelihood that this specific testimony could have affected the jury's verdict.[178] This testimony was elicited by defense counsel on cross-examination to point out the discrepancy between Boyd's testimony and the police officer's testimony. Moreover, the testimony has little relevance to Petitioner's guilt or innocence. Accordingly, on *de novo* review, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief on this issue was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

## E.    *Ineffective Assistance of Counsel*

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims.[179] Therefore, the Court reviews these issues *de novo*.[180]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[181] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[182] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct

---

[177] *Nobles*, 127 F.3d at 415.

[178] *Id.*

[179] Rec. Doc. 16 at 10.

[180] Fed. R. Civ. P. 72(b)(3).

[181] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[182] *Id.* at 697.

falls within a wide range of reasonable representation.[183] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[184] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[185] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[186] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[187]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[188] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[189] Thus, this standard is considered "doubly deferential" on habeas corpus review.[190]

### 1. Trial Counsel

---

[183] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[184] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[185] *See Strickland*, 466 U.S. at 689.

[186] *Id*. at 694.

[187] *Id*.

[188] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[189] *Id*.

[190] *Id*.

First, Petitioner avers that his trial counsel failed to examine Petitioner's medical records to show that he had nose surgery, which he contends would have explained his reason for purchasing pseudoephedrine, a necessary ingredient in manufacturing methamphetamine.[191] However, these alleged medical records are not part of the state court record, and Petitioner has presented no evidence that these records actually exist. Therefore, Petitioner has not demonstrated that the state trial court's denial of relief on this issue was contrary to or an unreasonable application of clearly established federal law.

Second, Petitioner argues that his counsel performed ineffectively by failing to subpoena a detective and Boyd's son to testify at trial.[192] Ineffective assistance of counsel claims based on uncalled witnesses are disfavored on habeas review because the presentation of testimonial evidence constitutes trial strategy, and allegations as to the content of witnesses' testimony is largely speculative.[193] Conclusory assertions are insufficient to establish an ineffective assistance of counsel claim.[194] The Fifth Circuit has held that to prevail on an ineffective assistance of counsel claim for uncalled witnesses, a petitioner must name the witnesses, prove that the witnesses would have been able to testify if called, describe the content of the witnesses' testimony, and demonstrate that the witnesses' testimony would have been favorable to a specific defense.[195] This showing is required for both "uncalled lay and expert witnesses alike."[196] Here, Petitioner presents

---

[191] Rec. Doc. 16 at 11–12.

[192] *Id.*

[193] *Bray v. Quarterman*, 265 F.App'x 296, 298 (5th Cir. 2008) (citing *US v. Cockrell*, 720 F.2d 1423 (5th Cir. 1983)).

[194] *Green*, 160 F.3d at 1042.

[195] *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

[196] *Id.*

no affidavits or other evidence demonstrating that these witnesses were available to testify, that they would have testified if called, or the content of their testimony if called. Petitioner merely makes the conclusory statement that these witnesses would have benefited his defense. Therefore, Petitioner's claim that his trial counsel was deficient for failing to call witnesses is conclusory, and fails to establish that these witnesses were actually available and willing to testify at his trial.

Finally, Petitioner also asserts that his trial counsel abandoned him after filing his direct appeal by failing to appeal his habitual offender adjudication.[197] However, Petitioner has not demonstrated that preserving his right to appeal his habitual offender adjudication would have created a reasonable probability of success on the merits of such a claim. Accordingly, the Court concludes that the state courts' denial of relief on Petitioner's ineffective assistance of trial counsel claim was not contrary to or an unreasonable application of Supreme Court law.

### 2. Appellate Counsel

Petitioner also contends that his appellate counsel performed ineffectively by failing to: (1) raise a claim of insufficient evidence; (2) raise a claim of ineffective assistance of counsel; and (3) challenge the habitual offender adjudication.[198] To prevail on a claim that appellate counsel was ineffective, a petitioner must show that appellate counsel unreasonably failed to discover and assert a non-frivolous issue and establish a reasonable probability that he would have prevailed on this issue but for his counsel's deficient representation.[199] However, appellate counsel are not required to assert every non-frivolous issue to be found effective.[200] Rather, appellate counsel is entitled to

---

[197] Rec. Doc. 16 at 12.

[198] Rec. Doc. 3 at 27–28.

[199] *Briseno v. Cockrell*, 274 F.3d 204, 207 (2001); *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

[200] *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

legitimately select among non-frivolous claims based on his or her professional judgement as a means by which to increase the client's likelihood of success.[201] Furthermore, appellate counsel even has the discretion to exclude non-frivolous issues if they reasonably determine that the issue is unlikely to prevail.[202]

For the reasons discussed *supra*, Petitioner has not shown that his appellate counsel would have been able to assert a non-frivolous claim regarding the sufficiency of the evidence, ineffective assistance of counsel, or the habitual offender adjudication. Petitioner has not demonstrated that his appellate counsel's decision not to raise these issues on appeal was objectively unreasonable or that, but for the failure to raise the issue, the result of the proceeding would have been different. Therefore, the state courts' denial of relief on Petitioner's ineffective assistance of appellate counsel claim was not contrary to or an unreasonable application of Supreme Court law.

## F.    *Whether the Trial Court Denied Petitioner his Sixth Amendment Right to Confrontation*

Finally, Petitioner objects to the Magistrate Judge's finding that the Louisiana First Circuit's determination that the trial court properly allowed the introduction of the pharmacy logs at trial was not an unreasonable application of Supreme Court precedent.[203] Petitioner asserts that he disagrees with this finding, but he does not provide a basis for this objection.[204]

In *Crawford v. Washington*, the Supreme Court held that the Sixth Amendment is violated when testimonial statements are introduced from a witness who did not appear at trial "unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."[205]

---

[201] *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).

[202] *Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006).

[203] Rec. Doc. 16 at 14.

[204] *Id.*

[205] 541 U.S. 36, 53–54 (2004).

However, in *Melendez-Diaz v. Massachusetts*, the Supreme Court acknowledged that business records are "generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial."[206] Accordingly, the Fifth Circuit has held that the admission of pseudoephedrine purchase logs does not violate the Confrontation Clause because "[t]he pharmacies created these purchase logs *ex ante* to comply with state regulatory measures, not in response to an active prosecution."[207] Accordingly, on *de novo* review, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court.

## V. Conclusion

For the reasons stated above, the Court finds that Petitioner's claim that there was insufficient evidence to support his conviction was not procedurally barred pursuant to a firmly established and regularly followed rule. However, this claim fails on the merits. The Court further finds that Petitioner has failed to overcome the procedural bar to his claim that there was insufficient evidence to support his habitual offender adjudication. Moreover, regarding the claims addressed on the merits by the state courts, the Court concludes that Petitioner is not entitled to relief as he has not established that the state courts' denial of relief was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court. Accordingly,

---

[206] 557 U.S. 309, 324 (2009).

[207] *United States v. Towns*, 718 F.3d 404 (5th Cir. 2013).

**IT IS HEREBY ORDERED** that Petitioner's objections are **SUSTAINED** to the extent that he objects to the Magistrate Judge's determination that Petitioner is procedurally barred from raising his claim that there was insufficient evidence to support his conviction, and Petitioner's objections are **OVERRULED** in all other respects;

**IT IS FURTHER ORDERED** that the Court **REJECTS** the Magistrate Judge's recommendation to the extent it recommends that the Court find that Petitioner is procedurally barred from raising his claim that there is insufficient evidence to support his conviction, and **ADOPTS** the Report and Recommendation in all other respects;

**IT IS FURTHER ORDERED** that Petitioner Vernon Esteve's petition for issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this __12th__ day of September, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**